IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KASANDRA BELLAMY, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | 15 CV 2678 |
| | ) | |
| The CITY OF CHICAGO, et al., | ) | Judge CHANG |
| | ) | |
|         Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENT IN SUPPORT OF HER
FIRST MOTION TO COMPEL PRODUCTION OF DISCOVERY**

Plaintiff, Kasandra Bellamy, pursuant to this Court's order of October 29, 2015, respectfully submits this supplement in support of her first motion to compel discovery:

## BACKGROUND

Bellamy filed this civil rights case against Defendant City of Chicago, Haywil, LLC, and four Chicago police officers on March 30, 2015, alleging false arrest, excessive force, and state law claims for battery and malicious prosecution. On July 4, 2014, Defendant Chicago Police Officer Watkins was working as a security guard for Defendant Haywil, LLC at Pier 31, a restaurant located at 31st Street Beach. Defendant Watkins attacked and injured Bellamy in a public bathroom at 31st Street beach. Defendant Officers falsely arrested Ms. Bellamy instead of Defendant Watkins and charged Bellamy with battery to a police officer. Ms. Bellamy's criminal case was dismissed in October 2014.

On October 29, 2015, Bellamy filed her first motion to compel discovery. Specifically, Bellamy seeks an order compelling Defendants to produce, *inter alia*, complete and un-redacted copies of Complaint Register ("CR") files against Defendant Officers. On October

29, 2015, this Court ordered Bellamy to supplement her motion to explain why the CR files she seeks contain evidence that would be admissible under Federal Rules of Evidence 404(b) and 608(b).

## INTRODUCTION

Plaintiff Kasandra Bellamy submits that a defendant police officer's disciplinary record and the contents of internal investigations of an officer are always discoverable in federal civil rights cases. Furthermore, the production of redacted versions of this material, as the City has done here, is unnecessary in view of the protective order that the Court has already entered. However, in order to avoid a protracted dispute on this point, and to focus the parties' energy and attention on evidence that is most likely to aid the resolution of this lawsuit, Plaintiff is only requesting the unredacted information as set forth below for eight (8) CR files, instead of the 27 originally requested. The documents Plaintiff seeks are necessary for her to prosecute her case.

## ARGUMENT

Defendants are improperly withholding discoverable information in CR files that may lead to the discovery of evidence and testimony admissible under Rules 404(b) and 608(b). While it is true that other acts evidence must have a propensity-free relevancy to be admissible at trial, *United States v. Gomez*, 763 F.3d 845, 856-60 (7th Cir. 2014), Federal Rule of Civil Procedure 26 ("Rule 26") makes clear that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Indeed, "[n]umerous courts have held that the…complaint histories of defendant officers are relevant in §1983 actions involving police misconduct." *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) (Nolan, J.). These CR files are likely to lead to evidence admissible to prove Defendant Officers' *modus operandi* or dishonesty, which are admissible under Federal Rules of Evidence 404(b) and 608(b). *Id.; Lepianka v. Village of Franklin Park*, No. 03 C 2991, 2004 WL 626830, at *2 (N.D. Ill. March 26, 2004) (Nolan, J.) (Plaintiffs were entitled to discover defendant officers' disciplinary records, and the trial judge would determine whether any evidence gleaned from these documents would be admissible at trial). Bellamy is entitled at this point in the case to the production of complete and unredacted CR files that may lead to evidence admissible at trial, regardless of the fact that there may be a dispute later concerning whether this evidence is admissible at trial.

I. **Bellamy has a right to contact complainants in CR Files because they may provide testimony admissible under Rule 404(b).**

Bellamy seeks to interview other individuals who have made complaints of excessive force and false arrest against Defendant Officers because these individuals may be admissible at trial as Rule 404(b) witnesses. Rule 404(b) provides an exception to the general rule that evidence of other acts is inadmissible "to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). Specifically, such evidence is admissible if offered for other purposes, such as proof of "motive, opportunity, intent, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). In addition, the Seventh Circuit has held that "prior 'bad acts' evidence is admissible under Rule 404(b) to

demonstrate *modus oeprandi*." *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000) (citing *United States v. Smith*, 103 F.3d 600, 603 (7th Cir. 1996)).

First, Defendants have only produced the first two pages (the "Face Sheet") of CR No. ████. It is unclear from the Face Sheet which officers were accused of misconduct in this CR. *See CR No.* ████ *Face Sheet*, attached as **Exhibit A.** However, Defendants produced this CR file among Defendant Officers' prior CR files, so Plaintiff submits that this CR probably pertains to one or more of Defendant Officers. Furthermore, this CR alleges that the complainant was unlawfully seized, just as Bellamy does in this case, so it may to lead to evidence admissible under Rule 404(b). But without the complete CR file, the undersigned cannot evaluate the possible relevance of the complainant's testimony.

More importantly, Defendants have withheld discoverable information – namely, the names and identifying information of potential 404(b) witnesses – by producing CR files in which that information is redacted. Specifically, Defendants have redacted the names and contact information of complainants that they claim are minors, so the undersigned has no way of identifying these potential witnesses. Defendants have also redacted non-minor complainants' dates of birth, which makes it difficult (if not impossible) for the undersigned to locate and interview those potential witnesses if the contact information in their CR files is out of date. Defendants do not contend that this information is not discoverable, rather, they cite concerns about "identity theft" to support redacting witness information. The suggestion that revealing the ages of witnesses to Plaintiff's counsel will somehow lead to their identities being stolen is difficult to take seriously. Furthermore, these redactions are unnecessary considering that this information is already confidential under the protective order that

Defendants themselves proposed, and that this Court has already entered. Plaintiff has a right to discover and interview these potential 404(b) witnesses.

Defendant Watkins' prior CRs show that he has a *modus operandi* of verbally and physically abusing women and people smaller than him, especially while working as a private security guard, just as he did in this case. The allegations in his prior CRs "bear 'a singular strong resemblance to the pattern of the [misconduct] charged,'" which is what the Seventh Circuit requires for *modus operandi* evidence to be admissible under Rule 404(b). *Treece*, 213 F.3d at 363 (internal citations omitted). For example:

*CR No.* ▇▇▇▇

A woman alleged that on ▇▇▇▇ 2008, Defendant Watkins, who was off-duty and working security at a local high school, called the woman an "uneducated and disrespectful bitch" and told her to "get the fuck out of my school." Defendant Watkins then threatened to arrest her and her fiancé.

*CR No.* ▇▇▇▇

The complainant in this CR alleged that on ▇▇▇▇, 2009, Defendant Watkins grabbed a female high school student by her neck, struck the girl repeatedly, pushed her head into a window, and told her that, "somebody needs to whoop [her] ass." Furthermore, the complainant in CR No. ▇▇▇▇ alleged that Watkins held the girl against a wall by her neck, which is exactly what Bellamy alleges in this case. And just like Bellamy here, the victim in this CR was arrested for battery to a police officer and resisting arrest.

5

*CR No.* ▉

Many of Defendant Watkins's prior CRs demonstrate his *modus operandi* of claiming that he was attacked by the victims of his misconduct, even though it would be nearly physically impossible at their heights and weights to overcome him. According to a Detective's report pertaining to Bellamy's arrest, Watkins is 6'6" and 265 lbs. (at his deposition, Watkins insisted he is only 6'5.5" and 240 lbs.). For example, in CR No. ▉, Watkins claimed that on ▉, 2009, a young boy in high school, standing ▉" and weighing ▉ pounds, "pushed" Watkins while Watkins was seated in a chair. Watkins claimed that the boy pushed him so hard that Watkins had to grab onto the doorframe to keep from falling backwards out of his chair. Watkins struck and arrested the boy. In contrast, the complainant alleged that Watkins threw a desk across the room and ordered the boy to pick up the desk. When the boy refused, Watkins flew into a fit of rage and attacked him. The allegations in this CR file are similar to this case, as Defendant Watkins claims that he was attacked by Bellamy, who is much smaller than him.

*CR No.* ▉

In this CR, two boys alleged that they were waiting for a CTA train on ▉, 2010 when Watkins grabbed, hit, kicked, pushed, and falsely arrested them. Watkins claimed one of the young boys was yelling or behaving unsafely on the platform. Just as in this case, Watkins claimed the young boys attacked him. Watkins used force against and arrested them both.

6

*CR No.* ███████

In this CR, a female Chicago police sergeant alleged that on ███████, Watkins was disrespectful to her and refused to follow orders while he was off-duty working security at a local high school. Watkins told the female sergeant she was on a "power trip" and needed an "attitude adjustment." Watkins claimed he was not on "CPD time." The City ███████ the charges against Watkins and ███████████████████, according to documents produced by the City.

These CR files demonstrate Defendant Watkins's *modus operandi* of physically overpowering women and people who are much smaller than him when they do not immediately do what he says, and then claiming that he was the victim of a battery to cover up his misconduct. That is exactly what Bellamy alleges in this case. Furthermore, most of Defendant Watkins's prior CRs occurred while Watkins was working off-duty as a security guard, just as he was in this case.

Other Defendant Officers' CR files contain potential 404(b) evidence as well. For example, in CR No. ███████, the complainant alleged that on ███████ 2003, Defendant Benson arrested the female victim of a crime rather than the man who threatened her with a handgun. The allegations in this CR file are similar to Bellamy's allegations that Defendant Officers arrested her despite her being the victim of an attack. Plaintiff may be able to prove Defendant Officers' *modus operandi* of arresting victims through the testimony of the complainants in these CR files, but the redacted files that Defendants have produced prevent her counsel from contacting or identifying these potential witnesses. Thus, this Court should

order Defendants to produce complete and unredacted copies of the CR files that they have already produced.

*CR No.* ▆▆▆▆

Additionally, CR's produced in this case demonstrate Watkins' plan, intent, or *modus operandi* to use his status as a Chicago Police Officer to unilaterally decide when and where to arrest people- instead of applying appropriate legal standards. For example, in CR ▆▆▆▆ from 2009, a woman complained that she telephoned police after an altercation with an ▆▆▆▆. However, when responding officers arrived, Defendant Officer Hillel Watkins instructed the responding officers not to arrest ▆▆▆▆. No arrest of ▆▆▆▆ was made that day, and the complaint register was filed against Defendant Watkins. Based on information received thus far, it is not possible to determine whether any relation exists between ▆▆▆▆ and Defendant Watkins.

II. **CR No. ▆▆▆▆ is discoverable because it may lead to evidence of Defendant Benson's character for untruthfulness that will be admissible under Rule 404(b) and 608(b).**

Federal Rule of Evidence 608(b) allows impeachment of a witness by questioning about specific instances of conduct for the purpose of attacking a witness's character for truthfulness. Fed. R. Evid. 608(b)(1). Defendants have produced a disciplinary history for Defendant Benson that includes CR No. ▆▆▆▆, which involved his ▆▆▆▆ ▆▆▆▆. *See, Defendant Benson CR History*, attached as **Exhibit B.** This CR was initiated on ▆▆▆▆, 2013 and ▆▆▆▆. Importantly, this CR ▆▆▆▆, and Defendant Benson ▆▆▆▆. It is impossible to tell from the bare-bones disciplinary history whether this ▆▆▆▆ CR

8

involved allegations of dishonesty, but it is possible that it did. Like other ████, Defendant Benson may have ██████████████████████████████████. ████████ should be produced so that Bellamy can determine whether it contains evidence that she will seek to introduce against Defendant Benson at trial under Rule 608(b). This is especially true considering ████████████████████████████████. Other courts in this District have allowed plaintiffs to cross-examine police officers about sustained CRs that involved false statements. *See, e.g., Casares v. Bernal*, 790 F. Supp. 2d 769, 778 (N.D. Ill. 2011) (Kim, J.); *Battle v. O'Shaughnessy*, 11 C 1138, 2012 WL 4754747, at *3 (N.D. Ill. Oct. 4, 2012) (Lefkow, J.).

Defendant Benson's ████████ may also be admissible under Rule 404(b). "One purpose that is recognized despite its absence from Rule 404(b)'s nonexclusive list is 'to attack the credibility of a witness' testimony by means other than attacking the witness's general character for truthfulness.'" *U.S. v. Bell*, 624 F.3d 803, 810 (7th Cir. 2010) (quoting *Serafin v. Local 722 Int'l Bd. of Teamsters*, 597 F.3d 908, 915 (7th Cir. 2010)). Defendant Benson's ████████ may show a *modus operandi* of lying when accused of violating Chicago Police Department rules and procedures, as he is accused of doing in this case. Thus, the Court should allow Plaintiff to discover whether Defendant Benson ██████████████ █████████████████████t City.

## CONCLUSION

Defendants have unjustifiably withheld discoverable evidence in Defendant Officers' prior CR files. Plaintiff respectfully requests this Court enter an order compelling discovery

9

of unredacted and complete CR files, as well as the other documents and/or information requested in her first motion to compel.

                Respectfully Submitted,

                /s Anna R. Szymczak
                One of Plaintiff's Attorneys

Anna R. Szymczak, *of counsel*
Torreya Hamilton
HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173