**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KASANDRA BELLAMY, | ) | |
| | ) | Case No. 15 C 2678 |
| Plaintiff, | ) | |
| | ) | JUDGE CHANG |
| vs. | ) | |
| | ) | |
| THE CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST MOTION
TO COMPEL DISCOVERY AND SUPPLEMENT IN SUPPORT
OF HER FIRST MOTION TO COMPEL DISCOVERY**

Defendant, City of Chicago, by its attorney, Stephen R. Patton, Corporation Counsel, and Chicago Police Officers Hillel Watkins, Isaac Benson, Bernard Wysinger, and Detective Maria Viti (collectively herein "Defendants") by one of their attorneys, Jason Marx, Assistant Corporation Counsel, hereby responds to Plaintiff's First Motion to Compel Discovery [Dkt.# 55] and Plaintiff's Supplement in support of her First Motion to Compel Discovery [Dkt.# 60] as follows:

The parties have agreed on some but not all issues raised in Plaintiff's motion to compel. Defendants will first point out the areas of agreement, and then, areas of disagreement.

1. **Defendants agree to produce CR file No. 1061413**.

The parties spoke on November 12, 2015, and the undersigned agreed to produce said CR to Plaintiff's Counsel. The undersigned will produce it by November 23, 2015.

2. **Defendants produced the contact information for Kimberly Williams, Nicole Hayes and Officer "Chuck" on November 9, 2015.**

In an email to Plaintiff's counsel on November 9, 2015, the undersigned provided the name and phone number of an attorney who called the undersigned and stated she will be representing Kimberly Williams and Nicole Hayes. The undersigned also provided the full name and phone number of former police Officer "Chuck."

3. **Defendants have produced the entire CR File No. 1061413**.

On October 29, 2015, the undersigned emailed Plaintiff's Counsel and informed her that he had produced the entire CR file 1061413.

4. **CR No. 1014714 was produced without any redactions.**

Since Defendants produced CR No. 1014714 without any redactions, there is nothing to compel Defendants to do.

5. **Since CR numbers 1031961, 1030735, and 1033211 contain names, addresses, dates of birth, and telephone numbers of juveniles, Defendants do not agree to un-redact said juvenile information.**

Juveniles' names, addresses, dates of birth and telephone numbers are contained in reports that are protected from disclosure pursuant to 705 ILCS 405/1-7(C) and (E) of the Juvenile Court Act of 1987. Defendants receive CR files from the Chicago Police Department's Office of Legal Affairs. The Office of Legal Affairs receives CR files either from the CPD's Bureau of Internal Affairs ("BIA") or the Independent Police Review Authority ("IPRA"). BIA and IPRA redact juvenile information before producing their records to outside entities.

The general purpose of the Juvenile Court Act is to protect the interests of minors, including the confidentiality of the minor's identity and the avoidance of an invasion of the minor's privacy. *See* 705 ILCS 405/1–2; *In re K.D.,* 279 Ill.App.3d 1020, 666 N.E.2d 29, 31 (1996); *Landon ex rel. Munic. v. Oswego Unit Sch. Dist. #308*, No. 00 C 1803, 2000 WL 33172933, at *1 (N.D. Ill. Feb. 13, 2000). Subsection (C) provides in pertinent part "[t]he

records of law enforcement officers or of an independent agency created by ordinance and charged by a unit of local government with the duty of investigating the conduce of law enforcement officers, concerning all minors under 18 years of age must be maintained separate from the records of arrests and may not be open to public inspection or their contents disclosed to the public except by order of the court presiding over matters pursuant to this Act." 705 ILCS 405/1-7(C). This provision bars BIA and IPRA from disclosing the identity of minors contained in their reports.

     Even if subjection (C) is read narrowly to only protect the identity of arrested minors, Subsection (E) of the Act provides minors with even broader protection. It provides, "[CPD and IPRA] may not disclose the identity of any minor in releasing information to the general public as to the arrest, investigation or disposition of any case involving a minor." In CR numbers 1031961 and 1033211, the juveniles were arrested by CPD. *See attached* Exhibits A and B. In CR number 1030735, the juvenile does not appear to have been arrested by CPD. *See attached* Exhibit C. Either way, the Juvenile Court Act prohibits the disclosure of their identities. Equally important, neither subsection allows disclosure of their identities in civil cases even where a confidentiality order has been entered.

     Plaintiff argues that since Defendants have redacted the names and contact information of minor complainants, the undersigned has no way of identifying these potential witnesses. This is simply not true. Defendants have not redacted the names, addresses and telephone numbers of the minors' parents in each of the CR files. *See* Exh. A, B, C. Plaintiff can write and call the juvenile's parents to identify these potential witnesses. Plaintiff has suffered no prejudice in his ability to investigate his case and has failed to provide a compelling reason to require disclosure.

Magistrate Keys denied a similar motion to compel in *Bond v. Utreras*, No. 04 C 2617, 2006 WL 695447 (N.D. Ill. Mar. 10, 2006). In *Bond*, Defendants produced CR files that contained redacted juvenile <u>and parental information</u>. *Id*. 04 C 2617, Dkt.# 84 (in the case at bar, Defendants have not redacted parental information). The Plaintiff in *Bond* argued that juvenile information must be disclosed because it was relevant. *Id.* 2006 WL 695447 at * 6. In deciding against disclosure, Judge Keys held that the benefit afforded Plaintiff in revealing the identities of juvenile complainants outweighed the protection afforded juveniles under the Juvenile Court Act. *Id.* The Court also held that the Juvenile Court Act clearly expresses a policy limiting the right to inspect or use public records insofar as the same relates to juveniles. *Id*., citing *People ex rel. Burgess v. City of Urbana,* 33 Ill.App.3d 623, 338 N.E.2d 220, 222 (Ill.App.1975). Judge Keys' reasoning in *Bond* is persuasive and this Court should similarly deny disclosure of juvenile information.

Further, this Court is without authority to Order disclosure of juvenile information. Although an earlier version of 705 ILCS 405/1–8(C) arguably permitted federal district courts to order inspection of juvenile records, *see Brokaw v. Brokaw*, 128 Fed.Appx. 527, 531–32 (7th Cir.2005), the Illinois General Assembly modified the statute in 2013 to clarify that the authority to allow access to juvenile records rests with "the judge presiding over a juvenile court proceeding." Ill. Pub. Act. No. 98–552, § 5 (Aug. 27, 2013)(available at 2013 WL Ill. Legis. Serv. P.A. 98–552), *Chatman v. City of Chicago*, No. 13 C 5697, 2014 WL 1813172, at *2 (N.D. Ill. May 5, 2014). If Plaintiff desires disclosure, he must petition the chief judge of the Juvenile Division of Cook County. For the above stated reasons, this Court must deny Plaintiff's motion to compel un-redacted juvenile information in CR files.

6.    **Defendants do not agree to un-redact the dates of birth of non-minor complainants found in the CR files.**

Defendants have redacted the dates of birth of complainants and victims in the CR files for privacy and identity theft concerns. CR's are voluminous files that contain many dates of birth of complainants and victims of alleged police misconduct. In order to avoid the very real possibility that an attorney, or a member of their staff, accidently publicly files or disseminates a CR file without redacting each and every date of birth, Defendants have chosen to redact the dates of birth, while leaving each persons' age visible. Privacy concerns and identity theft problems associated with revealing a person's date of birth or social security number are concerns Defendants and CPD have experienced in the past and wish to avoid in the future.

Plaintiff's contention that Defendants have made it difficult (if not impossible) to locate potential witnesses if their contact information is out of date is an overstatement. First, Plaintiff's counsel does not have access to law enforcement databases, so it is unclear how providing counsel with a person's date of birth allows them to locate someone. Second, CR files, including all the files produced in this case, contain only marginally relevant information. In witnessing or suffering alleged police misconduct, complainants and victims should not be implicitly agreeing to provide unknown attorneys and their staff with the most sensitive information about themselves to arguably make it slightly easier for unknown attorneys and their staff to contact them. The benefit of providing dates of birth of complainants and victims in CR's files is outweighed by the danger of identity theft and privacy concerns. For the above stated reasons, this Court must deny Plaintiff's motion to compel Defendants to un-redact non-minor complainants dates of birth in the CR files.

**WHEREFORE**, Defendants pray this Honorable Court deny Plaintiff's First Motion to Compel Discovery.

                Respectfully Submitted,

                /s/  *Jason Marx*  ,
                JASON MARX
                Assistant Corporation Counsel
                City of Chicago-Dept. of Law
                30 N. LaSalle Street, Suite 900
                Chicago, Illinois 60602
                Attorney No. 6279266