UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KASANDRA BELLAMY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 15CV2678 |
| ) | |
| The CITY OF CHICAGO, Illinois, ) | Judge CHANG |
| a municipal corporation, HAYWIL, LLC, ) | |
| and Chicago Police Officers HILLEL ) | Magistrate Judge COX |
| WATKINS (#13375), ISAAC BENSON ) | |
| (#7163), BERNARD WYSINGER (#10316), ) | |
| Detective MARIA VITI (#21267), and Sgt. ) | |
| MARGIT WILLIS (#2335) ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff KASANDRA BELLAMY, through one of her attorneys, Torreya L. Hamilton, makes the following complaint against Defendants CITY OF CHICAGO ("Defendant CITY"), HAYWIL, LLC ("Defendant HAYWIL"), and Chicago Police Officers HILLEL WATKINS, ISAAC BENSON, BERNARD WYSINGER, Detective MARIA VITI, and Sergeant MARGIT WILLIS ("Defendant OFFICERS"):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of the Plaintiff's rights under the United States Constitution and Illinois common law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

### PARTIES

4. Plaintiff KASANDRA BELLAMY is a twenty-five-year-old woman and a resident of Chicago, Illinois.

5. Plaintiff is a college graduate, is employed, and prior to the incident that forms the basis of this complaint, she had no arrest record.

6. At all relevant times, Defendant WATKINS was both a Chicago police officer employed by Defendant CITY, and as a security guard employed by Defendant HAYWIL. At all relevant times, Defendant WATKINS was acting under color of law and within the scope of his employment as either a Chicago police officer or a HAYWIL security employee, or both.

7. At all relevant times, Defendant Officers BENSON and WYSINGER were Chicago police officers employed by Defendant CITY and acting under color of law and within the scope of this employment.

8. At all relevant times, Defendant MARIA VITI was a Chicago police detective employed by Defendant CITY and acting under color of law and within the scope of this employment.

9. At all relevant times, Defendant MARGIT WILLIS was a Chicago police sergeant employed by Defendant CITY and acting under color of law and within the scope of this employment.

10. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case was the employer of all the Defendant OFFICERS.

11. Defendant HAYWIL is an Illinois limited liability company, doing business as "Pier 31," and was at the time of the incident the employer of Defendant WATKINS.

**FACTS**

12. On July 4, 2014, Plaintiff and several of her friends were at a park in the City of Chicago near 31st Street and the lakefront.

13. Defendant WATKINS was also at this park.

14. Defendant WATKINS was working as an armed security guard for a business owned and operated by Defendant HAYWIL known as "Pier 31," which sells food and beverages at the park.

15. Defendant WATKINS was carrying his Chicago police badge, his Chicago police identification card, and his handcuffs on his person.

16. Defendant WATKINS was also armed with a handgun.

17. Around 6:30 p.m., Defendant WATKINS had a verbal dispute and physical altercation with Plaintiff.

18. Plaintiff is female and is 5 feet, 6 inches tall, and weighs approximately 120 pounds.

19. Defendant WATKINS is male and is 6 feet, 6 inches tall, and weighs approximately 265 pounds.

20. Defendant WATKINS grabbed Plaintiff by the throat and threw her to the ground and then jumped on top of her causing Plaintiff to strike her head on the floor.

21. Defendant Plaintiff sustained physical injuries during this attack.

22. Defendant BENSON and WYSINGER were on duty and working as Chicago police officers in the same area where this occurred, and they were summoned by Defendant WILLIS to investigate what happened.

23. Defendant WATKINS told Defendants BENSON and WYSINGER that he was a Chicago police officer.

24. Plaintiff and other witnesses told Defendants BENSON and WYSINGER that Defendant WATKINS had attacked Plaintiff.

25. Defendants WATKINS, BENSON, WYSINGER, and WILLIS arrested Plaintiff and took her to jail.

26. Defendant WATKINS was not arrested.

27. Defendants sought felony charges of aggravated battery to a police officer against Plaintiff, but those charges were not approved by the State's Attorney's Office.

28. Defendant OFFICERS gave false accounts about the evidence to each other, and other officers and/or to the prosecutor.

29. Defendant OFFICERS created and/or signed off on, or caused to be created, false police reports concerning the evidence in this case.

30. Defendant OFFICERS caused Plaintiff to be charged with misdemeanor battery.

31. When Plaintiff was released from jail, she went to a hospital to be treated for the injuries she sustained at the hands of Defendant WATKINS.

32. Plaintiff had to hire a lawyer to defend herself in the criminal case that Defendant OFFICERS caused to be initiated against her.

33. On August 1, 2014, both Plaintiff and Defendant WATKINS were present in the Circuit Court of Cook County, Branch 34, when the criminal case against Plaintiff was on the court call.

34. The judge presiding over the matter set a trial date for October 15, 2014.

35. The Cook County State's Attorney's Office notified Defendants WATKINS, BENSON, and WYSINGER that their presence was required at Plaintiff's trial.

36. On October 15, 2014, Plaintiff appeared in court, accompanied by witnesses that were prepared to testify on her behalf at the trial.

37. Defendant WATKINS did not appear in court for the trial.

38. Defendants BENSON and WYSINGER, who supposedly investigated this incident and placed Plaintiff under arrest, were also not present in court for the trial date.

39. The Cook County State's Attorney's Office dismissed the criminal case against Plaintiff on October 15, 2014.

40. On information and belief, Defendant OFFICERS never sought to have these charges reinstated.

## COUNT I
(42 U.S.C. §1983, False Arrest)

41. Each of the foregoing paragraphs is incorporated as if fully restated here.

42. As more fully described above, Defendants WATKINS, BENSON, WYSINGER, and WILLIS arrested Plaintiff, or caused her to be arrested, without probable cause or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

43. As a direct and proximate result of this illegal seizure, Plaintiff has suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against these Defendant OFFICERS in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. §1983, Supervisory Liability)

44. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

45. As described above, Defendant WILLIS was present at the location when she and the Defendant OFFICERS falsely arrested Plaintiff and charged her with aggravated battery to a police officer.

46. Defendant WILLIS is a sergeant on the Chicago Police Department, and as such, it was her responsibility to supervise the conduct of the other officers who were expected to investigate the incident.

47. As a direct and proximate result of Defendant WILLIS' failure to supervise the other Defendant OFFICERS, Plaintiff was unlawfully detained, falsely arrested, and criminally charged, suffering damages which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant WILLIS in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. §1983, Excessive Force)

48. As described above, the intentional conduct of Defendant WATKINS towards Plaintiff was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

49. As a direct and proximate result of Defendant WATKINS'S use of excessive force, Plaintiff suffered damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendant WATKINS in a fair and just amount sufficient to compensate her for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(State Law Battery)

50. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

51. When Defendant WATKINS attacked Plaintiff, as described above, he did so intentionally, without justification, and without Plaintiff's consent.

52. As a direct and proximate result of his intentional conduct, Defendant WATKINS caused pain and injury to Plaintiff.

53. As the time that of the incident that is the subject of this case, Defendant WATKINS was an agent of Defendant HAYWIL, and was acting within the scope of his employment as security

guard for the business known as "Pier 31." Defendant HAYWIL, therefore, is vicariously liable under Illinois law for the conduct of Defendant WATKINS towards Plaintiff.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant HAYWIL in a fair and just amount sufficient to compensate her for her injuries, and also for any other relief that the Court deems just and equitable.

## COUNT V
(State Law Malicious Prosecution)

54. Each of the preceding paragraphs is incorporated as if fully restated here.

55. As more fully described above, the individual Defendants initiated criminal proceedings against Plaintiff and/or caused those proceedings to continue against her, without probable cause to do so.

56. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to other officers and to a prosecutor.

57. The criminal proceedings against Plaintiff were terminated in her favor, in a manner indicative of innocence.

58. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered financial and emotional damages as described in the preceding paragraphs, which will be proven at trial.

59. At all relevant times, Defendants were acting as agents of Defendant CITY and/or HAYWIL, and were acting within the scope of their employment. Defendant CITY and/or HAYWIL, therefore, are liable as principal for all torts committed against Plaintiff by Defendant OFFICERS.

**WHEREFORE,** Plaintiff prays for judgment against Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the injuries she has suffered, as well as such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

KASANDRA BELLAMY, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 W. Jackson Blvd., Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397