UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| KASANDRA BELLAMY | ) | |
| | ) | Case No. 15 C 2678 |
| Plaintiff, | ) | |
| | ) | Judge Chang |
| vs. | ) | |
| | ) | |
| The CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS' ANSWER, JURY DEMAND AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago and Chicago Police Officers Hillel Watkins, Isaac Benson, Bernard Wysinger, Detective Maria Viti and Sergeant Margit Willis (all collectively herein "Defendants"), by and through one of their attorneys, Jason Marx, Assistant Corporation Counsel, for their Answer, Jury Demand and Affirmative Defenses to Plaintiff's First Amended Complaint, state as follows:

**JURISDICTION AND VENUE**

1. This is an action brought pursuant to 42 U.S.C. Sec. 1983 to address the deprivation, under color of law, of the Plaintiff's rights under the United States Constitution and Illinois common law.

   **ANSWER:** Defendants admit the allegations contained in this paragraph, but deny any alleged wrongdoing.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. Sec. 1331, 1343, and 1367.

   **ANSWER:** Defendants admit the allegations contained in this paragraph, but deny any alleged wrongdoing.

3. Venue is proper under 28 U.S.C. Sec. 1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

1

**ANSWER:** On information and belief, Defendants admit the allegations contained in this paragraph, but deny any alleged wrongdoing.

## PARTIES

4. Plaintiff KASANDRA BELLAMY is a twenty-five-year-old woman and a resident of Chicago, Illinois.

**ANSWER:** On information and belief, Defendants admit the allegations contained in this paragraph.

5. Plaintiff is a college graduate, is employed, and prior to the incident that forms the basis of this complaint, she had no arrest record.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

6. At all relevant times, Defendant WATKINS was both a Chicago police officer employed by Defendant CITY, and as a security guard employed by Defendant HAYWIL. At all relevant times, Defendant WATKINS was acting under color of law and within the scope of his employment as either a Chicago police officer or a HAYWIL security employee, or both.

**ANSWER:** Defendants admit that on July 4, 2014, Defendant WATKINS was employed by Defendant CITY as a Chicago police officer. Defendants admit that on July 4, 2014, Defendant WATKINS was employed by an entity other than Defendant City to provide security. Defendants admit that on July 4, 2014, Defendant WATKINS was acting under color of law and within the scope of his employment as a Chicago police officer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

7. At all relevant times, Defendant Officers BENSON and WYSINGER were Chicago police officers employed by Defendant CITY and acting under color of law and within the scope of this employment.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

8. At all relevant times, Defendant MARIA VITI was a Chicago police detective employed by Defendant CITY and acting under color of law and within the scope of this employment.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

9. At all relevant times, Defendant MARGIT WILLIS was a Chicago police sergeant employed by Defendant CITY and acting under color of law and within the scope of this employment.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

10. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case was the employer of all the Defendant OFFICERS.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

11. Defendant HAYWIL is an Illinois limited liability company, doing business as "Pier 31," and was at the time of the incident the employer of Defendant WATKINS.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FACTS

12. On July 4, 2014, Plaintiff and several of her friends were at a park in the City of Chicago near 31st Street and the lakefront.

**ANSWER:** Defendants admit Plaintiff was at a park in the City of Chicago near 31st Street and the lakefront on July, 4, 2014. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

13. Defendant WATKINS was also at this park.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

14. Defendant WATKINS was working as an armed security guard for a business owned and operated by Defendant HAYWIL known as "Pier 31," which sells food and beverages at the park.

**ANSWER:** Defendants admit that on July 4, 2014, Defendant WATKINS was employed by an entity other than Defendant City to provide security and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

15. Defendant WATKINS was carrying his Chicago police badge, his Chicago police identification card, and his handcuffs on his person.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

16. Defendant WATKINS was also armed with a handgun.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

17. Around 6:30 p.m., Defendant WATKINS had a verbal dispute and physical altercation with Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

18. Plaintiff is female and is 5 feet, 6 inches tall, and weighs approximately 120 pounds.

**ANSWER:** On information and belief, Defendants admit the allegations contained in this paragraph.

19. Defendant WATKINS is male and is 6 feet, 6 inches tall, and weighs approximately 265 pounds.

**ANSWER:** Defendants admit Defendant WATKINS is male, 6 feet, 6 inches tall and weighs approximately 235 pounds. Defendants deny the remaining allegations contained in this paragraph.

20. Defendant WATKINS grabbed Plaintiff by the throat and threw her to the ground and then jumped on top of her causing Plaintiff to strike her head on the floor.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

21. Defendant Plaintiff sustained physical injuries during this attack.

**ANSWER:** Defendants deny Plaintiff was attacked and therefore, deny the allegations contained in this paragraph.

22. Defendant BENSON and WYSINGER were on duty and working as Chicago police officers in the same area where this occurred, and they were summoned by Defendant Willis to investigate what happened.

**ANSWER:** Defendants admit Defendant BENSON and WYSINGER were on duty and working as Chicago police officers, but deny the remaining allegations contained in this paragraph.

23. Defendant WATKINS told Defendants BENSON and WYSINGER that he was a Chicago police officer.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

24. Plaintiff and other witnesses told Defendants BENSON and WYSINGER that Defendant

4

WATKINS had attacked Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

25. Defendants WATKINS, BENSON and WYSINGER and WILLIS arrested Plaintiff and took her to jail.

**ANSWER:** Defendants admit Defendants Benson, Wysinger and Willis arrested Plaintiff and deny the remaining allegations contained in this paragraph.

26. Defendant WATKINS was not arrested.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

27. Defendants sought felony charges of aggravated battery to a police officer against Plaintiff, but those charges were not approved by the State's Attorney's Office.

**ANSWER:** Defendants admit felony charges were not approved by the State's Attorney's Office, but deny the remaining allegations contained in this paragraph.

28. Defendant OFFICERS gave false accounts about the evidence to each other, and other officers and/or to the prosecutor.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

29. Defendant OFFICERS created and/or signed off on, or caused to be created, false police reports concerning the evidence in this case.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

30. Defendant OFFICERS caused Plaintiff to be charged with misdemeanor battery.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

31. When Plaintiff was released from jail, she went to a hospital to be treated for the injuries she sustained at the hands of Defendant WATKINS.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. Plaintiff had to hire a lawyer to defend herself in the criminal case that Defendant OFFICERS caused to be initiated against her.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. On August 1, 2014, both Plaintiff and Defendant WATKINS were present in the Circuit Court of Cook County, Branch 34, when the criminal case against Plaintiff was on the court call.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. The judge presiding over the matter set a trial date for October 15, 2014.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. The Cook County State's Attorney's Office notified Defendants WATKINS, BENSON, and WYSINGER that their presence was required at Plaintiff's trial.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. On October 15, 2014, Plaintiff appeared in court, accompanied by witnesses that were prepared to testify on her behalf at the trial.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. Defendant WATKINS did not appear in court for the trial.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. Defendants BENSON and WYSINGER, who supposedly investigated this incident and placed Plaintiff under arrest, were also not present in court for the trial date.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39. The Cook County State's Attorney's Office dismissed the criminal case against Plaintiff on October 15, 2014.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. On information and belief, Defendant OFFICERS never sought to have these charges reinstated.

**ANSWER:** On information and belief, Defendants admit the allegations contained in this paragraph.

## COUNT I
(42 U.S.C. 1983, False Arrest)

41. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Defendants answers to each of the foregoing paragraphs are incorporated as if restated fully therein.

42. As more fully described above, Defendants WATKINS, BENSON, WYSINGER and WILLIS arrested Plaintiff, or caused her to be arrested, without probable cause or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

43. As a direct and proximate result of this illegal seizure, Plaintiff has suffered damages, including emotional damages, which will be proven at trial:

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT II
(42 .S.C. 1983, Supervisory Liability)

44. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

**ANSWER:** Defendants answers to each of the foregoing paragraphs are incorporated as if restated fully therein.

45. As described above, Defendant WILLIS was present at the location when she and the Defendant Officers falsely arrested Plaintiff and charged her with aggravated battery to a police officer.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

46. Defendant WILLIS is a sergeant on the Chicago Police Department, and as such, it was her responsibility to supervise the conduct of other officers who were expected to investigate this incident.

**ANSWER:** Defendants admit that Defendant Willis is a sergeant on the Chicago Police Department and one her responsibilities is to supervise certain officers, but deny the remaining allegations contained in this paragraph.

47. As a direct and proximate result of Defendant WILLIS' failure to supervise the other Defendant Officers, Plaintiff was unlawfully detained, falsely arrested, and criminally charged, suffering damages which will be proven at trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

### COUNT III
(42 U.S.C. 1983, Excessive Force)

48. As described above, the intentional conduct of Defendant WATKINS towards Plaintiff was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

49. As a direct and proximate result of Defendant WATKINS'S use of excessive force, Plaintiff suffered damages, which will be proven at trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

### COUNT IV
(State Law Battery)

50. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

**ANSWER:** Defendants answers to each of the foregoing paragraphs are incorporated as if restated fully therein.

51. When Defendant WATKINS attacked Plaintiff, as described above, he did so intentionally, without justification, and without Plaintiff's consent.

**ANSWER:** Defendants deny Defendant WATKINS attacked Plaintiff, and therefore, deny the allegations contained in this paragraph.

52. As a direct and proximate result of his intentional conduct, Defendant WATKINS caused pain and injury to Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

53. As the time that of the incident that is the subject of this case, Defendant WATKINS was an agent of Defendant HAYWIL, and was acting within the scope of his employment as security guard for the business known as "Pier 31." Defendant HAYWIL, therefore, is

vicariously liable under Illinois law for the conduct of Defendant WATKINS towards Plaintiff.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### COUNT V
(State Law Malicious Prosecution)

54. Each of the preceding paragraphs is incorporated as if fully restated here.

**ANSWER:** Defendants answers to each of the foregoing paragraphs are incorporated as if restated fully therein.

55. As more fully described above, the individual Defendants initiated criminal proceedings against Plaintiff and/or caused those proceedings to continue against her, without probable cause to do so.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

56. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to other officers and to a prosecutor.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

57. The criminal proceedings against Plaintiff were terminated in her favor, in a manner indicative of innocence.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered financial and emotional damages as described in the preceding paragraphs, which will be proven at trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

59. At all relevant times, Defendants were acting as agents of Defendant CITY and/or HAYWIL, and were acting within the scope of their employment. Defendant CITY and/or HAYWIL, therefore, are liable as principal for all torts committed against Plaintiff by Defendant OFFICERS.

**ANSWER:** Defendants admit at all relevant times, they were acting as agents of Defendant City and were acting within the scope of their employment. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendants respectfully requests this Court enter judgment in its favor and against Plaintiff on Plaintiff's First Amended Complaint, award them such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury for all issues so triable.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1

Defendants are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's First Amended Complaint, a reasonably competent officer, objectively viewing the facts and circumstances then confronting Defendants could have believed their respective actions to be lawful in light of clearly established law and the information possessed by Defendants. Therefore, Defendants are entitled to qualified immunity on Plaintiff's claims under federal law.

### Affirmative Defense No. 2

As to the state law claims, under Section 2-201 of the Illinois Governmental and Governmental Employees Tort Immunity Act ("the Tort Immunity Act"), Defendants are not liable for any of the claims alleged because at all times relevant to this complaint, they were public employees serving in a position involving the determination of policy or the exercise of discretion and their respective decisions involved the determination of policy and the exercise of discretion for which they are immune from liability. 745 ILCS 10/2-201.

### Affirmative Defense No. 3

As to the state law claims, under Section 2-202 of the Tort Immunity Act, public employees are not liable for their acts or omissions in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Defendants are not liable because at the time of the incident alleged in this complaint, these officers were public employees acting in the execution and enforcement of the law, and their alleged respective acts or omissions did not constitute willful or wanton conduct.

### Affirmative Defense No. 4

As to the state law claims, under Section 2-204 of the Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

### Affirmative Defense No. 5

Any award of damages against Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to her own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, Plaintiff's recovery must be reduced according to her contributory negligence, or barred entirely where Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought. 735 ILCS 5/2-1116.

### Affirmative Defense No. 6

Defendants are not liable for attorneys' fees incurred in the prosecution of Plaintiff's state law claims.

### Affirmative Defense No. 7

Under the Illinois Tort Immunity Act, Defendant City of Chicago is barred from paying any portion of a judgment representing an award of punitive or exemplary damages imposed against any of its employees. 745 ILCS 10/2-102 (2010).

### Affirmative Defense No. 8

Pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2007).

Respectfully submitted,

/s/___*Jason Marx*_____
JASON MARX
Assistant Corporation Counsel

City of Chicago-Dept. of Law
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-3902
Atty No. 6279266