**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KASANDRA BELLAMY, | ) | |
| | ) | |
| Plaintiff, | ) | 15 CV 2678 |
| | ) | |
| v. | ) | |
| | ) | |
| HILLEL WATKINS and MARIA VITI, | ) | Judge Edmond E. Chang |
| | ) | |
| Defendants. | ) | |

**JURY INSTRUCTIONS – COURT SET 2**

## FUNCTIONS OF THE COURT AND JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

### NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## ALL LITIGANTS EQUAL BEFORE THE LAW

All parties are equal before the law. Each party is entitled to the same fair consideration.

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent memory of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the memories or impressions of each juror about the testimony.

### CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

### WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

### DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

### Testimony Of Witnesses (Deciding What To Believe)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

10

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider (1) statements made before the trial by a *party*, whether under oath or not; and (2) statements made before the trial by a *witness* when under oath as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to statements made before trial by *witnesses* (as distinct from the parties) that were *not* made under oath, the law is different. If you decide that, before the trial, one of the witnesses made a statement which was not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

### LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**DEMONSTRATIVE EXHIBITS**

A map of the area was shown to you. This exhibit was used for convenience and to help explain the facts of the case. It is not itself evidence or proof of any facts.

## RECORDING AND TRANSCRIPT OF RECORDING

You have seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given a transcript of one of the video recordings to help you follow the recording as you listened and viewed it. The recording is the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

## MULTIPLE CLAIMS AND MULTIPLE DEFENDANTS

You must give separate consideration to each claim and to each party in this case. Although both Mr. Watkins and Ms. Viti are defendants, it does not follow that if one is liable, then the other is also liable.

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## THE PLAINTIFF'S CLAIMS

Plaintiff Kasandra Bellamy has asserted three claims against the Defendants.

First, Plaintiff claims that Defendant Watkins used excessive force against her.

Second, Plaintiff claims that Defendant Watkins falsely arrested her, or caused her to be falsely arrested.

Third, Plaintiff claims that Defendant Watkins and/or Defendant Viti maliciously prosecuted her, or caused her to be maliciously prosecuted.

Defendants deny all of these claims.

I will now discuss each of these claims in turn.

## REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that the Defendant you are considering was personally involved in the conduct that Plaintiff complains about. You may not hold the Defendant you are considering liable for what other persons did or did not do.

## FOURTH AMENDMENT: EXCESSIVE FORCE

In this case, Plaintiff claims Defendant Watkins used excessive force against her. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant Watkins used unreasonable force against her.

If you find Plaintiff has proved this by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages on this claim.

## DEFINITION OF UNREASONABLE

You must decide whether Defendant Watkins's use of force was "unreasonable" from the perspective of a reasonable officer facing the same circumstances that Watkins faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether Watkins's use of force was unreasonable, you must not consider whether his intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances. In deciding whether Watkins's use of force was reasonably necessary under the circumstances, you may consider the following factors, as well as any other factors that you believe are relevant:

- the need for the use of force;

- the relationship between the need for the use of force and the amount of force used;

- the extent of the plaintiff's injury;

- any efforts made by the defendant to temper or limit the amount of force;

- the severity of the crime at issue;

- the threat reasonably perceived by the officer(s); and

- whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing.

22

## Fourth Amendment: False Arrest - Elements

In this case, Plaintiff claims that Defendant Watkins falsely arrested her. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Watkins arrested Plaintiff, or caused her to be arrested; and

2. Watkins did not have "probable cause" to arrest Plaintiff, or to have her arrested.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Watkins, and you will not consider the question of damages on this claim.

### FALSE ARREST - DEFINITION OF "PROBABLE CAUSE"

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff had committed a crime. Here, the alleged crime was "battery." A person commits battery if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

In making the decision on probable cause, you should consider what Defendant Watkins knew and what reasonably trustworthy information Watkins had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Watkins's belief was probably right. The fact that the charge of battery against Plaintiff was later dismissed does not by itself mean that there was no probable cause at the time of her arrest.

24

## MALICIOUS PROSECUTION

Plaintiff has brought a claim for malicious prosecution against both Defendants Watkins and Viti. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The particular Defendant you are considering commenced or continued a criminal proceeding against Plaintiff, or caused the commencement or continuation of the proceeding against Plaintiff;

2. The proceeding terminated in favor of Plaintiff;

3. The particular Defendant you are considering did not have probable cause to commence or continue the proceeding;

4. The particular Defendant you are considering acted with malice in commencing or continuing the proceeding; and

5. Plaintiff suffered damages as a result of the prosecution.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff and against the Defendant you are considering, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendant you are considering, and you will not consider the question of damages as to that Defendant of this claim.

### PERSONAL INVOLVEMENT FOR MALICIOUS PROSECUTION

Liability for malicious criminal prosecution extends to all Defendants who played a significant role in causing the prosecution of the Plaintiff. It is not limited to the person who made the charging decision or the person who signed the complaint.

I instruct you that, on the second element of the malicious-prosecution claim, that is, that the criminal proceeding terminated in favor of the Plaintiff, you shall find that Plaintiff has proved this element, and it is therefore established.

### DEFINITION OF "MALICE"

"Malice" for purposes of Plaintiff's malicious-prosecution claim means the initiation or continuation of a prosecution for any reason other than to bring a party to justice. It does not necessarily mean personal ill-will, spite, or hatred toward the person prosecuted, but rather that the person causing criminal charges to be brought or continued was motivated by improper motives.

### DEFINITION OF "PROBABLE CAUSE" FOR MALICIOUS PROSECUTION

Let me explain what "probable cause" means for Plaintiff's malicious prosecution claim. Probable cause is a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. In making this decision, you should consider what the particular Defendant knew and what reasonably trustworthy information the particular Defendant had received. It is not always necessary to verify the correctness of each item of information obtained; what is required is that the particular Defendant act with reasonable prudence and caution.

29

### DAMAGES: INTRODUCTION

If you find that Plaintiff has proved any of her claims against either of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove even one of her claims, then you will not consider the question of damages.

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she has sustained as a direct result of Defendants' conduct. These are called "compensatory damages."

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

*Excessive force.* On the claim of excessive force:

1. The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received; and

2. The physical and mental or emotional pain and suffering that Plaintiff experienced from the excessive force.

On the claim of excessive force, if you find in favor of Plaintiff but find that the Plaintiff has failed to prove compensatory damages, then you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

*False arrest.* On the claim of false arrest:

1. The restraint on Plaintiff's freedom caused by the false arrest; and

2. The physical and mental or emotional pain and suffering that Plaintiff experienced from the false arrest.

*Malicious Prosecution.* On the claim of malicious prosecution:

1. The restraint on Plaintiff's freedom caused by the malicious prosecution;

2. Attorney's fees that Plaintiff reasonably incurred as a result of the criminal charge brought against her; and

3. The physical and mental or emotional pain and suffering that Plaintiff experienced from the prosecution.

31

When it comes to physical and mental or emotional pain and suffering, no evidence of the dollar value of physical and mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injuries she has sustained.

One final note on damages: there is no claim in this case for damages based on the refusal to provide medical attention. So no part of any damages award should reflect the refusal to provide medical attention.

## DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against a Defendant who has been found liable. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that one or more of the Defendants' conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

33

## NO CONSIDERATION OF ABILITY TO PAY

In deciding what the compensatory damages or punitive damages should be, if any, you must not consider any Defendant's financial condition or ability to pay either form of damages.

### SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

When you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

### COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.